UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOXIE ODOM #273646** | **CIVIL ACTION** |
| **versus** | **NO. 07-1543** |
| **JEFFREY TRAVIS, WARDEN** | **SECTION: "I" (1)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Toxie Odom, is a state prisoner incarcerated at the Rayburn Correctional Center, Angie, Louisiana. On February 4, 2003, he was convicted of second degree battery in violation of La.Rev.Stat.Ann. § 14:34.1.[2] On May 5, 2003, he was sentenced to a term of five years imprisonment.[3] On January 8, 2004, petitioner pled guilty to being a fourth offender and was resentenced as such to a term of twenty years imprisonment.[4] On April 2, 2004, the Louisiana First Circuit Court of Appeal affirmed petitioner's conviction. However, finding an error with respect to the original sentencing on May 3, 2003, and unaware that petitioner had been already been resentenced as a habitual offender, the Court of Appeal vacated the original sentence and remanded the matter for resentencing.[5] Petitioner then filed with the Louisiana Supreme Court a petition for writ of certiorari[6] which was denied on October 8, 2004.[7]

On March 14, 2006, petitioner was eventually resentenced on the original conviction to a term of five years imprisonment. The state district court, at the state's request, then rearraigned

---

[2] State Rec., Vol. II of V, trial transcript, p. 264; State Rec., Vol. I of V, minute entry dated February 4, 2003; State Rec., Vol. I of V, jury verdict form.

[3] State Rec., Vol. II of V, transcript of May 5, 2003, p. 3; State Rec., Vol. I of V, minute entry dated May 5, 2003.

[4] State Rec., Vol. III of V, transcript of January 8, 2004, pp. 7-8; State Rec., Vol. III of V, minute entry dated January 8, 2004.

[5] State v. Odom, 878 So.2d 582 (La. App. 1st Cir. 2004) (No. 2003-KA-1772); State Rec., Vol. IV of V.

[6] State Rec., Vol. IV of V.

[7] State v. Odom, 883 So.2d 1026 (La. 2004) (No. 2004-K-1105); Rec. Doc. 8, Exhibit A.

petitioner on the multiple bill of information, and petitioner entered a plea of not guilty.[8] Despite that fact, at a subsequent hearing on August 28, 2006, the state district court held that the original habitual offender adjudication was still valid and that the twenty-year enhanced sentence was still in effect.[9]

In March 2007, petitioner filed with the state district court an application for post-conviction relief, a petition for writ of *habeas corpus*, and a motion to correct an illegal sentence.[10] On May 10, 2007, the application for post-conviction relief was denied.[11] Petitioner has apparently filed related writ applications which are currently pending before the Louisiana First Circuit Court of Appeal.[12]

On March 23, 2007, petitioner filed this federal application for *habeas corpus* relief.[13] In support of his application, he claims that he is being held in custody without a lawful court order. Specifically, he argues that he is being held pursuant to a habitual offender adjudication that does not exist. He appears to contest the fact that he was adjudicated and sentenced as a habitual offender. However, he further argues that, if he was so adjudicated and sentenced, those rulings

---

[8] State Rec., Vol. IV of V, minute entry dated March 14, 2006.

[9] State Rec., Vol. IV of V, transcript of August 28, 2006; State Rec., Vol. IV of V, minute entry dated August 28, 2006.

[10] State Rec., Vol. V of V.

[11] State Rec., Vol. V of V, Order dated May 10, 2007. The court did not specifically address the related petition for writ of *habeas corpus* and motion to correct an illegal sentence.

[12] Rec. Doc. 8, Exhibit B.

[13] Rec. Doc. 1.

were later vacated and could not simply be "resurrected" by the state district court at the hearing on August 28, 2006.  Lastly, he argues that, if he was adjudicated and sentenced as a fourth offender, that was erroneous because he was not in fact a fourth offender.

The state does not challenge the timeliness of petitioner's application but argues that it must be dismissed because he has not yet exhausted his state court remedies.  Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts.  "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts."  Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted).  Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules.  Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

Petitioner has filed with the Louisiana Supreme Court only one writ application with respect to this matter, i.e. the writ application filed in case number 2004-K-1105.  That writ application, a copy of which is included in the state court record,[14] asserts none of the claims asserted in this federal application.  Accordingly, the state is clearly correct in arguing that petitioner has not yet exhausted his state court remedies with respect to the instant claims.

---

[14] State Rec., Vol. IV of V.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Toxie Odom be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this sixteenth day of July, 2007.

SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE